UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CRAZY DOG T-SHIRTS, INC.,

                Plaintiff,

v.

DESIGN FACTORY TEES, INC. and
TONY RALLIS,

                Defendants.

Case # 15-CV-6740-FPG

DEFAULT JUDGMENT
and PERMANENT
INJUNCTION

## INTRODUCTION

Plaintiff Crazy Dog T-Shirts, Inc. ("Plaintiff") initiated this action on December 11, 2015 to remedy alleged trademark infringement and unfair competition by Defendants Design Factory Tees, Inc. and Tony Rallis. Plaintiff seeks relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and New York General Business Law §§ 360-k, 360-l, and 360-m.

The record demonstrates that Defendants were properly served, that Defendants failed to respond to Plaintiff's complaint, and that the Clerk of Court entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. After a hearing in which Defendants did not appear, the Court granted Plaintiff's motion for a preliminary injunction. *See* ECF No. 15.

Plaintiff now moves for a default judgment against Defendants pursuant to Rule 55(b). ECF No. 16. For the reasons stated below, Plaintiff's motion is granted as to Defendant Design Factory Tees but denied as to Defendant Tony Rallis.

**DISCUSSION**

Once a default has been entered, the Court's role is to determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. *See, e.g.*, *Haley v. Hughes Network Sys., LLC*, No. 12-CV-1079, 2013 WL 5937007, at *1 (W.D.N.Y. Nov. 1, 2013). In making that determination, the Court accepts the allegations in the complaint as true.[1] *Id.* (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992)).

At the same time, the Court does not simply accept at face value that a defendant is liable. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Industrial Services, Inc.*, No. 03-CV-0084, 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993). The Second Circuit has cautioned district courts that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of granting judgment by default, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.,* 10 F.3d at 96.

Here, Plaintiff seeks a default judgment against Defendants with respect to its first cause of action, false designation of origin under 15 U.S.C. § 1125(a).

**I.   Design Factory Tees**

Having considered the record in this case and the applicable legal authorities, the Court is satisfied that Plaintiff is entitled to a default judgment against Defendant Design Factory Tees.

---

[1]   In contrast, the Court does not accept Plaintiff's allegations as true for the purpose of establishing the amount of damages. *Id.* Plaintiff does not seek damages as part of its motion for default judgment. *See* ECF No. 16.

*See* ECF No. 16-2, at 5-10. Plaintiff's allegations, accepted as true, demonstrate that the unregistered mark CRAZY DOG TSHIRTS ("Plaintiff's Mark") is entitled to protection under section 1125(a) and that Design Factory Tees's actions—namely, hijacking Plaintiff's listings on amazon.com and falsely implying to customers that shirts sold by Design Factory Tees originate from or are authorized by Plaintiff—constitute false designation of origin and are likely to cause confusion with Plaintiff's Mark. *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 960 (2d Cir. 1996); *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 168 (2d Cir. 1991); *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

## II. Tony Rallis

However, with respect to Defendant Tony Rallis, Plaintiff's allegations are insufficient. Courts in the Second Circuit have consistently held that a corporate officer may only be held personally liable for trademark infringement and unfair competition if that officer is "a moving, active, conscious force behind the corporation's infringement." *See, e.g.*, *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016). For example, a person who is the sole shareholder and employee of an infringing company would be personally liable for that company's infringement because he or she must have approved of the infringing act. *Chloe v. Queen Bee of Beverly Hills, LLC*, No. 06-cv-3140, 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011) (collecting cases).

The only mention of Tony Rallis in Plaintiff's complaint is that he is, and at all relevant times was, a Maryland resident. ECF No. 1 ¶ 6. In its motion for default judgment, Plaintiff argues that Tony Rallis should be held personally liable for Design Factory Tee's infringement because (1) he is the sole listed agent of Design Factory Tees according to the Maryland Department of Assessments and Taxation Business Services; (2) he accepted service on behalf of Design Factory Tees; and (3) Plaintiff's counsel sent him a cease and desist letter on November 20, 2015. ECF

No. 16-2, at 10-11.  Plaintiff does not cite to anything in the record to support its first assertion. *Id.* But even if the Court were to accept that fact as true, Plaintiff has not shown that Tony Rallis was "a moving, active, conscious force" behind Design Factory Tees's infringement.  *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (finding allegations insufficient to support personal liability where the individual was chairman of the infringing organization, credited on the allegedly infringing video, and copied on a letter threatening legal action); *Flat Rate Movers, Ltd. v. FlatRate Moving & Storage, Inc.*, 104 F. Supp. 3d 371, 383 (S.D.N.Y. 2015); *Eu Yan Sang Int'l Ltd. v. S & M Enterprises (U.S.A.) Enter. Corp.*, No. 09-CV-4235, 2010 WL 3824129, at *2 (E.D.N.Y. Sept. 8, 2010) ("This Court has also found that a defendant is not deemed a 'moving, active, conscious force' if the only allegation made by the plaintiff is that the defendant holds a particular title without alleging that the defendant authorized or approved any allegedly infringing action.") (quoting *Kuklachev v. Gelfman*, No. 08–CV–2214, 2009 WL 804095, at *5 (E.D.N.Y. Mar. 25, 2009)) (internal quotations and alterations omitted).

There is no sufficient basis in Plaintiff's complaint, or anywhere else in the record currently before the Court, to hold Tony Rallis personally liable for the trademark infringement committed by Design Factory Tees.  Therefore, Plaintiff's motion for default judgment must be denied with respect to Defendant Tony Rallis.

## III.    Relief

Plaintiff requests that the Court (1) issue a permanent injunction restraining and enjoining Design Factory Tees from using any marks which are confusingly similar to Plaintiff's Mark; (2) order Design Factory Tees to deliver up for destruction all infringing materials; and (3) award Plaintiff its attorney fees and costs.  ECF No. 16-2, at 11-14.  The Lanham Act provides for such relief.  *See* 15 U.S.C. §§ 1116(a) (injunctions), 1118 (destruction of infringing articles), 1117(a) (attorney fees and costs).

Based upon Plaintiff's well-pleaded allegations against Design Factory Tees and Design Factory Tees's failure to appear, Plaintiff is entitled to a permanent injunction, destruction of infringing articles, and recovery of its costs.[2] *U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc.*, No. 12-cv-8753, 2013 WL 5363777, at *5-9 (S.D.N.Y. Sept. 26, 2013), report and recommendation adopted, No. 12 CIV. 8753, 2013 WL 5664058 (S.D.N.Y. Oct. 17, 2013) [hereinafter "Famous Original Ray's"]; *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 206 (E.D.N.Y. 2008); *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 621 (S.D.N.Y. 2011).

Reasonable attorney fees are to be awarded "in exceptional cases," that is, cases involving instances of bad faith or willful infringement. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). By virtue of Design Factory Tees's default, it is a willful infringer and Plaintiff is therefore also entitled to recover reasonable attorney fees. *Famous Original Ray's*, 2013 WL 5363777, at *6-8.

With respect to the amount of attorney fees to award, "District Courts have considerable discretion in determining what constitutes reasonable attorney's fees in a given case." *MPC Franchise, LLC v. Tarntino*, No. 11-CV-6310 CJS, 2015 WL 471355, at *6 (W.D.N.Y. Feb. 4, 2015) (quoting *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014)). After considering all relevant factors, the district court's role is to determine what a reasonable client would be willing to pay to litigate the case effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (discussing the relevant factors).

---

[2] Plaintiff's Cost Report indicates that it incurred $673.98 in costs. ECF No. 16-1, Ex. F. The Court has reviewed that report and finds that Plaintiff's calculation of costs is appropriate.

5

Here, Plaintiff submitted a Time Report of billed and unbilled hours worked by Plaintiff's counsel on this case. ECF No. 16-1, Ex. F. The Time Report indicates a total of 71.6 hours of work performed by three different partners, two associates, and a paralegal. *Id.* The hourly rates cited in the Time Report are as follows: $390, $360, and $300 for the partners; $235 and $230 for the associates; and $175 for the paralegal. *Id.* Plaintiff requests a total of $19,137.50 in attorney fees. *Id.*

Having taken into account the nature of this case, the fact that some of the work included in the Time Report was not actually billed to Plaintiff,[3] decisions by other courts within this district regarding what hourly rates are appropriate,[4] and all other relevant factors that courts consider when making a fee award, the Court concludes that the attorney fees shall be reduced to $16,021. This sum represents the requested $19,137.50 minus $2,825 in unbilled fees and with a reduction in the paralegal hourly rate from $175 per hour to $120 per hour.

## CONCLUSION

Plaintiff's motion for default judgment (ECF No. 16) is GRANTED as to Defendant Design Factory Tees, Inc. but DENIED as to Defendant Tony Rallis. Accordingly, it is hereby

**ORDERED**, that Defendant Design Factory Tees, Inc., as well as its members, officers, directors, agents, servants, employees, and all others acting on its behalf, is enjoined and restrained from any further acts of trademark infringement and unfair competition and, more particularly, from, in any manner, directly or indirectly:

    i.    Using the mark CRAZY DOG TSHIRTS and any other marks which are confusingly similar to or otherwise violate Plaintiff's Mark;

---

[3] The Time Report includes a total of $2,825 in unbilled fees. *See id.*
[4] *See, e.g.*, *MPC Franchise, LLC*, 2015 WL 471355, at *8; *Granite Music Corp. v. Center Street Smoke House, Inc.*, 786 F. Supp. 2d 716, 738-39 (W.D.N.Y. 2011); *Costa v. Sears Home Improvement Prod., Inc.*, 212 F. Supp. 3d 412, 420 (W.D.N.Y. 2016).

    ii.    Using the mark CRAZY DOG TSHIRTS and any other marks which are confusingly similar or otherwise violate Plaintiff's Mark in connection with the sale or offering for sale of t-shirts;

    iii.    Otherwise using or exploiting the mark CRAZY DOG TSHIRTS and any other marks which are confusingly similar to or otherwise violate Plaintiff's Mark in connection with t-shirts;

    iv.    Assisting, aiding or abetting any other person or entity from engaging or performing any of the activities referred to above; and

    v.    Acting in concert with any other person or entity in using or exploiting the mark CRAZY DOG TSHIRTS and any other marks which are confusingly similar or otherwise violate Plaintiff's Mark in connection with t-shirts,

**ORDERED**, that Defendant Design Factory Tees, Inc. is directed to deliver up for destruction all products and all promotional and/or advertising materials of any kind bearing or using or otherwise exploiting the mark CRAZY DOG TSHIRTS or any other marks which are confusingly similar to or otherwise violate Plaintiff's Mark, and

**ORDERED**, that Plaintiff is awarded $16,021 in attorney fees and $673.98 in costs for a total of $16,694.98, and Defendant Design Factory Tees, Inc. is directed to pay that sum to Plaintiff within 14 days.

    **IT IS SO ORDERED.**

Dated: July 26, 2017
       Rochester, New York

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court